UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2017 OCT 11  P 1:12

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

James Brian Tidwell,  )
    Plaintiff,  )
  )
v.  )   Civil Action No.: 2:17-CV-089-SRW
  )   **Plaintiff Demands Jury Trial**
  )
Regions Bank,  )
Bank of America, N.A.,  )
JPMorgan Chase Bank,  )
Equifax, Inc., Trans Union, LLC,  )
a foreign limited liability company,  )
Experian Information Solutions, Inc.,  )
Synchrony Financial,  )
& Real Time Resolutions, Inc.,  )
    Defendants.  )

## COMPLAINT

**COMES NOW** the Plaintiff, by and through undersigned counsel, and would show unto this Honorable Court as follows:

## PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and/or punitive damages, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), and other federal and state common law causes of action. Plaintiff also seeks actual, compensatory, statutory and/or punitive damages, from Defendant, Real Time Resolutions Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as "the FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Proper venue of this Court arises under 28 U.S.C. § 1391(b)(3), as defendant Regions Bank is a domestic corporation with principal place of business in Jefferson County, Alabama.

4. Pursuant to 28 U.S.C. § 1391(d), Defendant Regions Bank has "contacts [that] would be sufficient to subject it to personal jurisdiction" in the Middle District of Alabama.

## PARTIES

5. Plaintiff James Brian Tidwell (hereinafter referred to as "Plaintiff") is a natural person and resident and citizen of Lee County, the State of Florida, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

6. Defendant Regions Bank (hereinafter referred to as "Regions" or "Defendant") is a domestic corporation of the State of Alabama, with principal place of business in Jefferson County, Alabama, and maintains sufficient contacts with the Middle District of Alabama under 28 U.S.C. § 1391. Regions Bank regularly furnishes information on consumers to consumer reporting agencies.

7. Defendant Bank of America (hereinafter referred to as "BoA" or "Defendant") is a foreign corporation that regularly furnishes information on consumers to consumer reporting agencies.

8. Defendant JPMorgan Chase Bank (hereinafter referred to as "Chase" or "Defendant") is a foreign corporation that regularly furnishes information on consumers to consumer reporting agencies.

9. Defendant Equifax, Inc., (hereinafter referred to as "Equifax" or "Defendant") is a foreign corporation licensed to do business within the state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

10. Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

11. Defendant Experian Information Solutions, Inc., (hereinafter referred to as "Experian" or "Defendant") is a foreign corporation licensed to do business within the State of Alabama. Experian is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

12. Defendant Synchrony Financial (hereinafter referred to as "SyncB" or "Defendant") is a foreign corporation that regularly furnishes information on consumers to consumer reporting agencies.

13. Defendant Real Time Resolutions, Inc., (hereinafter referred to as "Real Time" or "Defendant") is a foreign corporation engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692(a)(6), engaged in the business of collecting debts. Real Time regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Real Time's principal purpose is the collection of debts using the mails and telephone.

## FACTS

14. Plaintiff reincorporates by reference herein paragraphs one (1) through thirteen (13).

15. On August 21, 2017, Plaintiff obtained a credit report (hereinafter referred to as "credit report") from Defendant TransUnion, LLC, with information compiled from all three Defendant credit reporting agencies: Equifax, TransUnion, and Experian.

16. The credit report listed an account reported by Defendants Equifax and Experian, with alleged creditor Defendant Real Time, beginning with the numbers "1240," with listed "opened day" as December 1, 2005, which Plaintiff contends is not his account.

17. On the account described in paragraph 16, Defendant Equifax reported an outstanding balance of $94,667. Plaintiff had previously disputed this balance with Equifax and/or Real Time on several occasions. This includes, but is not limited to, the following dates: Oct. 27, 2011; July 5, 2017; May 31, 2017; May 7, 2017; April 19, 2017; March 22, 2017; Feb. 15, 2017; Jan. 18, 2017; Oct. 26, 2016; Sep. 28, 2016; Aug. 24, 2016; March 23, 2016; Feb. 24, 2016; Aug. 19, 2015; Mar. 18, 2015; Nov. 12, 2014; June 11, 2014.

18. For the account described in paragraph 16, Defendant Experian reported an original balance of $64,350. Plaintiff had previously disputed this balance with Experian and/or Real Time on several occasions. This includes, but is not limited to, the following dates: Oct. 27, 2011; July 5, 2017; May 31, 2017; May 7, 2017; April 19, 2017; March 22, 2017; Feb. 15, 2017; Jan. 18, 2017; Oct. 26, 2016; Sep. 28, 2016; Aug. 24, 2016; March 23, 2016; Feb. 24, 2016; Aug. 19, 2015; Mar. 18, 2015; Nov. 12, 2014; June 11, 2014.

19. The credit report listed an account (hereinafter called "BoA 1") reported by Defendants Equifax and Experian, with alleged creditor Defendant Bank of America, beginning with the numbers "1240," with listed "opened day" as December 1, 2005, which Plaintiff contends is not his account.

20. For the BoA 1 account described in paragraph 19, Defendant Equifax reported an original balance of $343,200. Plaintiff had disputed this balance with Equifax and/or Bank of America on several occasions. This includes, but is not limited to, the following dates: July 19, 2017; June 14, 2017; June 5, 2017; May 17, 2017; May 7, 2017; Apr. 12, 2017; March 15, 2017; Feb. 15, 2017; Jan. 11, 2017; Dec. 14, 2016; Oct. 12, 2016; Sep. 7, 2016; Aug. 10, 2016; July 13, 2016; Jan. 20, 2016; Dec. 23, 2015; Sep. 23, 2015; May 20, 2015; March 18, 2015; Nov. 12, 2014; Aug. 13, 2014; June 11, 2014;

21. For the BoA 1 account described in paragraph 19, Defendant Experian reported an original balance of $343,200. Plaintiff had disputed this balance with Experian and/or Bank of America on several occasions. This includes, but is not limited to, the following dates: July 19, 2017; June 14, 2017; June 5, 2017; May 17, 2017; May 7, 2017; Apr. 12, 2017; March 15, 2017; Feb. 15, 2017; Jan. 11, 2017; Dec. 14, 2016; Oct. 12, 2016; Sep.

7, 2016; Aug. 10, 2016; July 13, 2016; Jan. 20, 2016; Dec. 23, 2015; Sep. 23, 2015; May 20, 2015; March 18, 2015; Nov. 12, 2014; Aug. 13, 2014; June 11, 2014.

22. The credit report listed an account (hereinafter called "BoA 2") reported by Defendants Equifax and Experian, with alleged creditor Defendant Bank of America, beginning with the numbers "1240," with listed "opened day" as December 1, 2005, which plaintiff contends is not his account.

23. For the BoA 2 account described in paragraph 22, Defendant Equifax reported an original balance of $64,350. Plaintiff had disputed this balance with Equifax and/or Bank of America on the following, non-exhaustive, list of dates: July 19, 2017; June 14, 2017; June 5, 2017; May 17, 2017; May 7, 2017; April 12, 2017; March 15, 2017; Feb. 15, 2017; Jan. 11, 2017; Dec. 14, 2016; Oct. 12, 2016; Sep. 7, 2016; Aug. 10, 2016; July 13, 2016; Jan. 20, 2016; Dec. 23, 2015; Sep. 23, 2015; May 20, 2015; March 18, 2015; Nov. 12, 2014; Aug. 13, 2014; June 11, 2014.

24. For the BoA 2 account described in paragraph 22, Defendant Experian reported an outstanding balance of $95,150. Plaintiff had disputed this balance with Experian and/or Bank of America on the following, non-exhaustive, list of dates: July 19, 2017; June 14, 2017; June 5, 2017; May 17, 2017; May 7, 2017; April 12, 2017; March 15, 2017; Feb. 15, 2017; Jan. 11, 2017; Dec. 14, 2016; Oct. 12, 2016; Sep. 7, 2016; Aug. 10, 2016; July 13, 2016; Jan. 20, 2016; Dec. 23, 2015; Sep. 23, 2015; May 20, 2015; March 18, 2015; Nov. 12, 2014; Aug. 13, 2014; June 11, 2014.

25. The credit report listed an account (hereinafter called "BoA 3") reported by Defendants TransUnion, Equifax, and Experian, with alleged creditor Defendant Bank of America,

beginning with the numbers "6530," with listed "opened" date as August of 2004, which plaintiff contends is not his account.

26. For the BoA 3 account described in paragraph 25, Defendants TransUnion, Equifax, and Experian reported an outstanding balance of $84,537. Plaintiff had disputed this balance with TransUnion, Equifax, Experian, and/or Bank of America on the following dates: June 5, 2017; May 7, 2017; Nov. 9, 2016; Nov. 25, 2015; Oct. 21, 2015; July 22, 2015; Jan. 14, 2015.

27. The credit report listed an account (hereinafter called "BoA 4") reported by Defendants TransUnion, Equifax, and Experian, with alleged creditor Defendant Bank of America, beginning with the numbers "6530," with listed "opened" date as August of 2004, which plaintiff contends is not his account.

28. For the BoA 4 account described in paragraph 27, Defendants TransUnion, Equifax, and Experian reported an original balance of $248,928. Plaintiff had disputed this balance with TransUnion, Equifax, Experian, and/or Bank of America on the following dates: June 5, 2017; May 7, 2017; Nov. 9, 2016; Nov. 25, 2015; Oct. 21, 2015; July 22, 2015; Jan. 14, 2015.

29. The credit report listed an account (hereinafter called "BoA revolving") reported by Defendants TransUnion and Equifax, with alleged creditor Defendant Bank of America, with listed "opened" date as July of 2004, which plaintiff contends is not his account.

30. For the BoA revolving account described in paragraph 29, Defendants TransUnion and Equifax reported an open account with limit of $8,600. Plaintiff had disputed this balance on previous occasions.

31. The credit report listed an account (hereinafter called "Chase account") reported by Defendants TransUnion, Equifax, and Experian, with alleged creditor Defendant JPMorgan Chase, beginning with the numbers "4388," with listed "opened" date as December of 2004, which plaintiff contends is not his account.

32. For the Chase account described in paragraph 31, Defendants TransUnion and Equifax reported an alleged derogatory account with limit of $6,500. Plaintiff had disputed this status with TransUnion, Equifax, and/or Chase on the following dates: July 4, 2017; June 5, 2017.

33. The credit report listed an account (hereinafter called "SyncB account") reported by Defendant Experian, with alleged creditor Defendant Synchrony Financial, beginning with the numbers "6011," with listed "opened" date as March of 2007, which plaintiff contends is not his account.

34. For the SyncB account described in paragraph 33, Defendant Experian reported an alleged derogatory account. Plaintiff had disputed this status on several occasions. This includes, but is not limited to, the following dates: July 5, 2017; June 7, 2017; June 3, 2016.

35. The credit report listed an account (hereinafter called "Regions installment") reported by Defendant TransUnion, with alleged creditor Defendant Regions Bank, with balance date of October 2010 and outstanding balance of $1,805, which plaintiff contends is not his account.

36. For the Regions installment account described in paragraph 35, plaintiff had disputed his alleged obligation with TransUnion and/or Regions on the following, non-exhaustive list, of dates: July 5, 2017.

37. On July 26, 2017, Defendant Real Time sent Plaintiff correspondence requesting payment on a loan allegedly held by Plaintiff, beginning with the numbers "0124."

38. For the Real Time loan allegedly held by Plaintiff, described in paragraph 37, Defendant Real Time Resolutions, Inc., reported Plaintiff had an outstanding balance of $40,903. Plaintiff had disputed his alleged obligation on the following, non-exhaustive listing, of dates: Oct. 27, 2011.

39. Notwithstanding the aforesaid, Defendants listed in paragraphs 11 through 38, continue to report Plaintiff's accounts as having current balances due and payable, rather than reflecting that such accounts are either inaccurate and/or not held by Plaintiff.

40. Defendants have intentionally, willfully and maliciously failed to implement reasonable procedures to ensure that information reported on Plaintiff's financial status is accurate, as required by 15 U.S.C. § 1681e and other related provisions of the Fair Credit Reporting Act (FCRA).

41. Notwithstanding that Defendants properly update numerous accounts each month, they have intentionally, maliciously and willfully refused to do so with Plaintiff.

42. Defendants have intentionally reported inaccurate information in an effort to force or coerce the Plaintiff into paying a debt that he has repeatedly disputed as not his.

43. Defendants have promised, through their subscriber agreements or contracts with the CRAs to update accounts that no longer have a balance, but have willfully, maliciously, recklessly, wantonly and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in this inaccurate, false, or misleading information remaining on Plaintiff's credit reports.

44. Defendants know that reporting these balances will lead to the publication of false information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed after properly notifying such CRAs, such false information has been published to third parties.

45. All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

46. Defendants' actions – engaging in a pattern and practice of wrongful and unlawful behavior, i.e. reporting inaccurate information and/or attempting to collect upon debts not belonging to Plaintiff – were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that their actions would very likely harm Plaintiff, and that their actions were taken in violation of the law.

47. The actions, omissions, misrepresentations, and violations of the FCRA and/or FDCPA of Defendants, regarding Plaintiff's alleged debts, as described herein, has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiffs will in the future continue to suffer.

48. The Plaintiff has suffered damages including, but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' publication of this adverse credit information.

49. Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish and continue to publish, in consumer credit reports in violation of 15 U.S.C. §1681e(b).

50. Indisputably, based upon sheer volume of factually identical actions, Defendants should reasonably be aware of the inadequacy of their procedures and implement policies to improve the accuracy of the information they publish.

### COUNT ONE
### ALL DEFENDANTS
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq.*

51. Plaintiff incorporates by reference herein paragraphs one (1) through fifty (50).

52. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

    a. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681e(b);

    b. By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

    c. By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and/or confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to remove accounts not belonging to Plaintiff.

53. Defendants have furnished information regarding the Plaintiff, a consumer, to one or more of the CRAs, when they had reason to know the information was inaccurate.

54. Defendants furnished this information to the CRAs after being notified by the Plaintiff that the information is inaccurate, and that the information is, in fact, inaccurate.

55. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

56. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorable financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

## COUNT TWO
## DEFENDANT REAL TIME RESOLUTIONS, INC.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

57. Plaintiff incorporates herein by reference paragraphs one (1) through fifty-six (56).

58. Defendant attempted to collect a consumer debt allegedly owed by Plaintiff, and the alleged obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, Defendant violated the FDCPA by taking one or more of the following actions against Plaintiff:

    a. Attempting to collect a debt, including reporting and/or verifying a balance of at least one of Plaintiff's credit reports, when Plaintiff had notified Defendant that the balance was not his account;

    b. Refusing to properly update Plaintiff's accounts;

    c. Failing to show the accounts as being "disputed" by Plaintiff; and

    d. Reporting the invalid debt on Plaintiff's credit reports.

59. The foregoing acts and omissions were undertaken by Defendant willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard for Plaintiff's rights.

60. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorable financing terms and rates than he would have if Defendant had not inaccurately reported Plaintiff's credit history.

61. As a result of the above violations of the FDCPA, Defendant Real Time Resolutions, Inc., is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, civil liability.

## **PRAYER FOR RELIEF**

**WHEREFORE, THE ABOVE PREMISES CONSIDERED,** Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Award Plaintiff actual damages;

b) Award Plaintiff punitive damages;

c) Award Plaintiff statutory damages where applicable;

d) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

e) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

f) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 11TH day of October 2017.

Bradford J. Griffin (GRI083)
*Attorney for Plaintiff*
**VICKERS, WHITE, & GRIFFIN, PLLC**
428 South Lawrence Street
Montgomery, AL, 36104
Telephone: (334) 269-1192
Facsimile: (334) 239-7408
bgriffin@vickersandwhitelaw.com

THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:

Regions Bank,
c/o CORPORATION SERVICE COMPANY INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

Bank of America, N.A.,
c/o CT CORPORATION SYSTEM
2 NORTH JACKSON STREET SUITE 605
MONTGOMERY, AL 36109

JPMorgan Chase Bank,
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104

Equifax, Inc.,
c/o PRENTICE HALL CORPORATION SYSTEM INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

Trans Union, LLC,
PRENTICE HALL CORPORATION SYSTEM INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

Experian Information Solutions, Inc.,
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104

Synchrony Financial,
c/o THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER, 1209 ORANGE ST
WILMINGTON, DE 19801

Real Time Resolutions, Inc.
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104