IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES BRIAN TIDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:17-cv-686-MHT-GMB |
| | ) | |
| BANK OF AMERICA, N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 18. Plaintiff James Brian Tidwell filed this lawsuit on October 11, 2017, alleging several improprieties in connection with his credit reports. Doc. 1. Now before the court is the motion to dismiss filed by Defendant Bank of America, N.A. ("BoA"). Doc. 24. After careful consideration of the parties' submissions and the applicable law, the undersigned recommends that the motion to dismiss (Doc. 24) be GRANTED.

### **I. JURISDICTION AND VENUE**

The court has subject-matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

### **II. FACTUAL AND PROCEDURAL BACKGROUND**

The following is a recitation of the facts as alleged in the complaint. Tidwell is a

resident of Lee County, Florida. Doc. 1 at 3. On August 21, 2017, Tidwell obtained a credit report from Defendant TransUnion, LLC ("TransUnion"), which contained information compiled by TransUnion and Defendants Equifax and Experian, all of which are credit reporting agencies. Doc. 1 at 4. The report listed five BoA accounts that, according to Tidwell, were included on the report in error because they were not his accounts:

1. BoA I (opened on December 1, 2005). Equifax and Experian reported an original balance of $343,200 for this account, which Tidwell disputed with Equifax, Experian, and BoA a total of 22 times between 2014 and 2017;

2. BoA II (opened on December 1, 2005). Equifax listed an original balance of $64,350 and Experian listed an outstanding balance of $94,150, which Tidwell disputed with Equifax, Experian, and BoA 22 times between 2014 and 2017;

3. BoA III (opened in August 2004), for which TransUnion, Equifax, and Experian reported an outstanding balance of $84,537, which Tidwell disputed seven times between January 2015 and 2017;

4. BoA IV (opened in August 2004), for which TransUnion, Equifax, and Experian listed an original balance of $248,928, which Tidwell disputed seven times beginning in January 2015; and

5. BoA Revolving (opened in July 2004), which TransUnion and Equifax reported as an open account with a limit of $8,600.

Doc. 1 at 5–7. Despite Tidwell's attempts to dispute these accounts, the defendants continued to report that the balances held on these accounts were "due and payable, rather than reflecting that such accounts are either inaccurate and/or not held" by him. Doc. 1 at 9. These inaccuracies were intentional, willful, and malicious, and have been perpetuated in an attempt to "force or coerce [Tidwell] into paying a debt that he has repeatedly disputed as not his." Doc. 1 at 9.

The inaccuracies and resulting damage to Tidwell's credit rating has caused him to suffer "severe mental distress, mental and physical pain, embarrassment, and humiliation." Doc. 1 at 10. Tidwell also has been limited in his ability to borrow and purchase. Doc. 1 at 10. As a result, Tidwell has alleged three separate violations of the Fair Credit Reporting Act ("FCRA") against BoA: one claim pursuant to 15 U.S.C. § 1681e(b) for "willfully and/or negligently failing, in the preparation of the consumer reports concerning [Tidwell], to follow reasonable procedures to assure maximum possible accuracy of the information in the reports"; one claim pursuant to § 1681i for failing to comply with that provision's reinvestigation procedures; and one claim pursuant to § 1681s-2 for reporting information BoA knew to be inaccurate or incomplete. Doc. 1 at 11.

### III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the

speculative level," *id.*, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

## IV.  DISCUSSION

BoA argues that Tidwell's FCRA claims against it fail to state a claim upon which relief may be granted for multiple reasons, including that his claims for the BoA I, BoA II, BoA III, and BoA IV accounts are barred by the FCRA's statute of limitations. Doc. 25 at 3–7.  Tidwell primarily addresses BoA's statute-of-limitations arguments in his opposition brief. Doc. 47 at 2–3.  Tidwell also states in conclusory fashion that his FCRA claims "contain 'enough fact' to raise a 'reasonable expectation' of plausibility" and, therefore, should not be dismissed for failure to state a claim. Doc. 47 at 2.  Because the court finds that Tidwell's claims against BoA do not state a plausible claim for relief even if they are considered timely, this recommendation will not address the statute-of-limitations arguments.

The Fair Credit Reporting Act imposes a number of duties on consumer reporting agencies and on entities that provide information to consumer reporting agencies.  Certain provisions under the Act apply specifically to consumer reporting agencies, and others apply to furnishers of information.  Tidwell's claims against BoA under 15 U.S.C. §§ 1681e(b) and 1681i are due for dismissal because those provisions apply only to "consumer reporting agencies." *See* 15 U.S.C. §§ 1681e(b) ("Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.") & § 1681i (listing the steps "credit reporting agencies" are to take in the

4

event a report's accuracy is disputed). The FCRA defines "consumer reporting agency" as

> any person[1] which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). BoA, as its name suggests, is a financial institution. Tidwell alleges in his complaint that BoA "regularly furnishes information on consumers to consumer reporting agencies," but a furnisher of information does not meet the FCRA's definition of "consumer reporting agency." Doc. 1 at 2. Tidwell pleads no facts suggesting that BoA regularly assembles or evaluates credit information for the purpose of furnishing consumer reports[2] to third parties. Therefore, Tidwell's claims against BoA under 15 U.S.C. §§ 1681e and 1681i should be dismissed. *See, e.g.*, *Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1579 (11th Cir. 1988) ("The [FCRA] is not directed to those who supply information on individual debts to consumer reporting agencies, nor to those who are remote from those decisionmakers who rely upon consumer reports in making credit and other decisions.") (citation and internal quotation marks omitted); *Green v. Chase*

---

[1] "The term 'person' means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

[2] "Consumer report" is defined by the FCRA as

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
> (B) employment purposes; or
> (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d).

*Bankcard Servs., Inc.*, 2016 WL 1135314, at *3 (M.D. Fla. Mar. 25, 2017) (dismissing FCRA claims where the plaintiff alleged that Chase Bankcard Services, Inc. was a "furnisher of information—not a consumer reporting agency").

Tidwell's claims under § 1681s-2(b)[3] fail for a different reason. That provision imposes several obligations upon furnishers of information "after receiving notice pursuant to § 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1). In general, furnishers of information "have an obligation to investigate disputes and report the results of those investigations to the credit reporting agency." *Solis v. CitiMortgage, Inc.*, 700 F. App'x 965, 970 (11th Cir. 2017). However, a furnisher's duties under this section "arise only after the furnisher receives notice of dispute from a [consumer reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); *see also* 15 U.S.C. § 1681i(a)(2) (requiring consumer reporting agencies to provide furnishers of information with notice of a consumer's dispute).

Here, Tidwell has alleged that he provided notice of his dispute to various consumer reporting agencies and financial institutions, including BoA, but he has not alleged that any consumer reporting agency provided notice to BoA. Tidwell effectively concedes this

---

[3] While Tidwell cites generically to § 1681s-2, there is no private right of action under subsection (a) of that provision. *Riley v. Gen. Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1319 (S.D. Ala. 2002); *see also* 15 U.S.C. § 1681s-2(c).

point in his response to BoA's motion to dismiss, failing to address BoA's argument with respect to notice and devoting his brief almost entirely to the issue of timeliness. *See* Doc. 47 at 2–3.  The court's "authority to interpret statutory language is constrained by the plain meaning of the statutory language in the context of the entire statute." *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010).  Here, the plain meaning of the statute requires notice to BoA from a consumer reporting agency.  Because Tidwell has not alleged such notice, he has not stated a plausible claim under § 1681s-2(b).  Accordingly, the court recommends that any claim under § 1681s-2(b) be dismissed.

## V. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the motion to dismiss (Doc. 24) be GRANTED, and that Tidwell's claims against Bank of America be DISMISSED with prejudice.  It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than February 27, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and

recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

    DONE this 13th day of February, 2018.

                                      /s/ Gray M. Borden
                                      GRAY M. BORDEN
                                      UNITED STATES MAGISTRATE JUDGE